UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KIM BRADY GRIFFIN, | CIVIL ACTION |
| --- | --- |
| Plaintiff | |
| VERSUS | NO. 19-289 |
| REBECCA N. ROBICHAUX, | SECTION "E" (5) |
| Defendant | |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Rebecca Robichaux.[1] Plaintiff Kim Brady Griffin opposes the motion.[2] For the following reasons Defendant Robichaux's motion is **DENIED**.

### BACKGROUND

This action arises from Defendant Robichaux's alleged violations of the Fair Debt Collection Practices Act (FDCPA).[3] According to Plaintiff Griffin's complaint, on November 26, 2018, Robichaux, a Louisiana lawyer, filed a collection action on behalf of Mr. Louis Phillip Gouaux, Jr., against Griffin.[4] Gouaux sought to collect a past due amount Griffin allegedly owed him for repairs he performed on Griffin's home in Jefferson Parish, Louisiana.[5] Robichaux filed this action on behalf of Gouaux in Lafourche Parish, Louisiana.[6]

After being served with this collection action, Griffin claims she notified Robichaux that the collection lawsuit was filed in the wrong venue and requested Robichaux re-file the action in the correct venue before Griffin was forced to incur legal fees in objecting to

---

[1] R. Doc. 20.
[2] R. Doc. 24.
[3] R. Doc. 1 ¶ 1 (citing 15 U.S.C. § 1692, *et seq.*).
[4] *Id.* ¶¶ 10–11.
[5] *Id.* ¶¶ 11–12.
[6] *Id.* ¶ 10.

1

the improper venue.[7] Griffin alleges Robichaux refused, forcing Griffin to except to the collection action based on improper venue.[8]

On January 15, 2019, Griffin brought the instant federal-court action against Robichaux seeking actual and statutory damages and attorneys' fees based on Robichaux's alleged violation of the FDCPA's venue provision.[9] In support of her claim, Griffin alleges she is a "consumer,"[10] and she "allegedly owes a (past due) consumer debt," as defined in the FDCPA.[11] Griffin alleges Robichaux is a "debt collector," as defined in the FDCPA, because she "is an attorney in Lafourche Parish who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another."[12] Next, Griffin alleges she and Gouaux did not enter into a written contract to repair Griffin's Jefferson Parish home[13] and alleges she resided in Jefferson Parish when Robichaux commenced the state-court collection action.[14] Accordingly, Griffin asserts Jefferson Parish was the only proper venue under the FDCPA in which Robichaux could have brought a collection action against her.[15] Nevertheless, Griffin alleges Robichaux filed the collection lawsuit in Lafourche Parish, the wrong venue, rather than Jefferson Parish, the only proper venue.[16]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted

---

[7] *Id.* ¶ 17.
[8] *Id.* ¶ 18.
[9] *Id.* ¶ 1.
[10] *Id.* ¶ 5.
[11] *Id.* ¶ 6.
[12] *Id.* ¶ 7.
[13] *Id.* ¶ 22.
[14] *Id.* ¶ 23.
[15] *Id.* ¶ 26.
[16] *Id.* ¶¶ 24–26.

if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[17] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[20] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[21]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[22] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[23] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[24]

## **DISCUSSION**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

---

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[19] *Id.*
[20] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[21] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[22] *Twombly*, 550 U.S. at 555.
[23] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[24] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).

action to protect consumers against debt collection abuses."[25] One practice the FDCPA prohibits is the filing of debt collection actions in improper venues. Section 1692i of the FDCPA requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity (A) in which such a consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."[26]

For a plaintiff to succeed on a claim under § 1692i, the plaintiff must show (1) the plaintiff is a "consumer;" (2) the defendant brought "a legal action on a debt" against the plaintiff; (3) the defendant's underlying debt collection suit was not brought in a venue in which the plaintiff signed the contract sued upon or in which the plaintiff resided at the commencement of the action, and (4) the defendant is a "debt collector" as defined in the FDCPA.[27]

In this case, Griffin's complaint alleges all four elements of an FDCPA claim. First, Griffin alleges she is a consumer under the FDCPA.[28] The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt."[29] The debt at issue must not be business debt but must instead be consumer debt "primarily for personal, family, or household purposes."[30] Griffin alleges she "is a "consumer," as defined in the FDCPA," and alleges she is a natural person who, according to Robichaux,

---

[25] 15 U.S.C. § 1692(e).
[26] 15 U.S.C. § 1692i.
[27] *See Serna v. Law Office of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 109402, at *3 (S.D. Tex. Jan. 10, 2014), *aff'd sub nom. Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146 (5th Cir. 2015).
[28] R. Doc. 1 ¶ 5.
[29] 15 U.S.C. § 1692a.
[30] *Id.*; *see also Heintz v. Jenkins,* 514 U.S. 291, 292 (1995) (stating the FDCPA applies only to "consumer debt, *i.e.,* debts arising out of . . . transaction[s] that are primarily for personal, family, or household purposes." (internal quotations omitted)).

4

is allegedly obligated to pay a debt to Gouaux for repairs done to her house.[31] Further, Griffin alleges she purportedly "owes a (past due) consumer debt," as defined by the FDCPA, because the debt allegedly owed to Gouaux is for the "personal, family, or household purpose[]"[32] of home repairs and is not business debt.[33]

Second, Griffin alleges Robichaux brought a "legal action on a debt" against her in state court.[34] Griffin attached to her complaint the November 26, 2018, collection action filed in Louisiana State Court by Robichaux, on behalf of Mr. Gouaux, to collect a debt from her.[35]

Third, Griffin alleges she was sued in an improper venue under the FDCPA.[36] The FDCPA allows debt collectors to file suit "only in the judicial district or similar legal entity (A) in which such a consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."[37] Griffin alleges there was no contract formed between her and Gouaux, so subsection (A) does not apply.[38] Next, Griffin alleges she resided in Jefferson Parish at the time Robichaux filed the state-court collection action, which made Jefferson Parish the only proper venue, under subsection (B), for a collection action to be filed against her.[39] Nevertheless, Griffin alleges Defendant brought the collection action in the improper venue of Lafourche Parish, and attached to her complaint Robichaux's Lafourche Parish petition filed on behalf of Gouaux.[40]

---

[31] R. Doc. 1 ¶ 11.
[32] *Heintz,* 514 U.S. at 292.
[33] *See* R. Doc. 1 ¶ 11.
[34] *Id.* ¶ 10.
[35] R. Doc. 1-1.
[36] R. Doc. 1 ¶¶ 22–26.
[37] 15 U.S.C. § 1692i(a)(2).
[38] R. Doc. 1 ¶ 22.
[39] *Id.* ¶ 23, 26.
[40] *Id.* ¶¶ 24–25; R. Doc. 1-1.

In her motion to dismiss, Robichaux denies that Jefferson Parish is the only proper venue on grounds that Griffin consented to proceed with the state-court collection action in Lafourche Parish.[41] The FDCPA contains no "consent" exception to its venue provision. Section 1692i lays out two options for venues in which a debt collector may file a collection action, and if a debt collector fails to comply with that rule, the collector violates the FDCPA. Whether the debt collector has complied with state-law venue requirements is irrelevant.[42] For that same reason, whether Griffin and Gouaux have settled the underlying state-court action is irrelevant to this separate federal-law action. Accordingly, Griffin has alleged Robichaux violated the FDCPA's venue provision, regardless of her consent to be sued in Lafourche Parish for state-law purposes or any settlement of the underlying collection action.

Fourth, Griffin alleges Robichaux was a "debt collector" under the FDCPA at the time she filed the state-court collection action against her. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[43] "The statute contains two categories of debt collector, those who collect debts as their 'principal purpose,' and those who do so 'regularly.'"[44]

---

[41] R. Doc. 20-1, at 1, 2.
[42] *Infante v. Samara Portfolio Mgmt., L.L.C.*, No. 1:14-CV-00324-MAC, 2017 WL 1102757, at *6 (E.D. Tex. Jan. 20, 2017), *report and recommendation adopted,* No. 1:14-CV-00324, 2017 WL 1113322 (E.D. Tex. Mar. 23, 2017), *aff'd sub nom. Infante v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839 (5th Cir. 2018) ("Federal law is clear that the FDCPA, not state venue rules, provide which venue is proper for a suit involving the collection of consumer debt.").
[43] 15 U.S.C. § 1692a.
[44] *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008).

Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client.[45] A person may "regularly" collect debts even if debt collection is not the principal purpose of his or her business. [46] "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities."[47] However, no bright-line rule identifies when an attorney or law firm "regularly" collects or attempts to collect debts, so courts must make this determination on a case-by-case basis.[48]

In this case, Griffin has alleged Robichaux is a "debt collector," as defined by the FDCPA, because Griffin asserts Robichaux "is an attorney in Lafourche Parish who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another."[49] Robichaux denies this allegation in her motion to dismiss, but she has not shown Griffin failed to allege this element of her claim in her complaint. Griffin's factual allegations are more than "enough to raise [her] right to relief above the speculative level."[50] Accordingly, Griffin has adequately stated a claim for relief in her complaint and Robichaux's motion to dismiss under Rule 12(b)(6) must be denied.

---

[45] *Heintz v. Jenkins,* 514 U.S. 291 (1995).
[46] *Garrett v. Derbes,* 110 F.3d 317, 318 (5th Cir. 1997) ("[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity . . . .").
[47] *Brown v. Morris,* 243 Fed.Appx. 31, 35 (5th Cir. 2007); *Hester*, 289 F. App'x at 41 (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 63 (2d Cir. 2004) (holding that a volume of 145 collection letters within a year combined with the regular dispersal of the letters over the course of the year was enough to establish that a law firm was a debt collector); *Garrett,* 110 F.3d at 318 (holding that an attorney who in a nine month period attempted to collect debts owed to a client from 639 individuals "regularly" collected debts for FDCPA purposes); *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989) (holding that an attorney who principally worked on debt collection matters in the pertinent time period and filed 175 foreclosures and other actions for four clients over eighteen months was a debt collector under the "regularly collecting" prong)).
[48] *Hester*, 289 F. App'x at 41 (citing *Goldstein,* 374 F.3d at 62).
[49] R. Doc. 1 ¶ 7.
[50] *Twombly*, 550 U.S. at 555.

## **CONCLUSION**

For the forgoing reasons, Defendant Robichaux's motion to dismiss is **DENIED**.

**New Orleans, Louisiana, this 16th day of December, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**