UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KIM BRADY GRIFFIN, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 19-289 |
| REBECCA N. ROBICHAUX, | SECTION: "E" (5) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Plaintiff Kim Brady Griffin.[1] Defendant Rebecca N. Robichaux opposes the motion.[2] For the following reasons Plaintiff Griffin's motion is **DENIED**.

## BACKGROUND

This action arises from Defendant Robichaux's alleged violations of the Fair Debt Collection Practices Act (FDCPA).[3] Plaintiff Griffin alleges that, on November 26, 2018, Robichaux, a Louisiana lawyer, filed a collection action against her on behalf of Mr. Louis Phillip Gouaux, Jr.[4] Gouaux sought to collect a past due amount Griffin allegedly owed him for repairs he performed on Griffin's home in Jefferson Parish, Louisiana.[5] Robichaux filed the action on behalf of Gouaux in Lafourche Parish, Louisiana, which Griffin claims violated the FDCPA's venue provision.[6]

---

[1] R. Doc. 19.
[2] R. Doc. 26.
[3] R. Doc. 1 ¶ 1 (citing 15 U.S.C. § 1692, *et seq.*).
[4] *Id.* ¶¶ 10–11.
[5] *Id.* ¶¶ 11–12.
[6] *Id.* ¶¶ 1, 10.

1

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "An issue is material if its resolution could affect the outcome of the action."[8] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[9] All reasonable inferences are drawn in favor of the nonmoving party.[10] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[11]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[12] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[13]

---

[7] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[8] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[12] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[13] *Celotex*, 477 U.S. at 322–24.

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[14] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[15] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[16] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[17] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule

---

[14] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[15] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[16] *Celotex*, 477 U.S. at 332–33.
[17] *Id.*

56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[18] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[19]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[20]

## FACTS

The following material facts are not in dispute. Plaintiff Kim Brady Griffin is a natural person.[21] Any debt she owes to Mr. Louis Phillip Gouaux, Jr. for repairs he performed on Griffin's Jefferson Parish home is a consumer debt.[22] There was no written contract between Griffin and Gouaux for those repairs.[23] On November 26, 2018, Robichaux, on behalf of Gouaux, sued Griffin to collect alleged debts she owed Gouaux for the repairs.[24] Robichaux filed this collection action in the 17th Judicial District Court

---

[18] *Id.* at 332–33, 333 n.3.
[19] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).
[21] R. Doc. 19-2 ¶¶ 1, 4; R. Doc. 26-3 ¶¶ 1, 4.
[22] R. Doc. 19-2 ¶¶ 1, 4; R. Doc. 26-3 ¶¶ 1, 4.
[23] R. Doc. 19-2 ¶ 7; R. Doc. 26-3 ¶ 7.
[24] R. Doc. 19-2 ¶ 8; R. Doc. 26-3 ¶ 8.

of Lafourche Parish.[25] At the time the Robichaux filed the collection action in Lafourche Parish, Griffin resided in Jefferson Parish.[26]

The only material fact in dispute is whether Robichaux was a "debt collector," as defined by the FDCPA, at the time she filed the state-court collection action on behalf of Gouaux.[27] Griffin states this is an undisputed fact,[28] and she supports this statement with Robichaux's response to a request for admission.[29] The request for admission asked Robichaux to admit "Defendant is a debt collector," and Robichaux admitted this fact.[30] Nevertheless, Robichaux disputes whether she is a debt collector as defined in the FDCPA and clarified in her opposition to Griffin's motion for summary judgment that, while she is "an attorney hired to collect a debt on behalf of Louis Philip Gouaux Jr. from [Griffin]," she is not a debt collector under the FDCPA because her "occupation is not that solely of a debt collector."[31]

## **LAW AND ANALYSIS**

Section 1692i of the FDCPA requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity (A) in which such a consumer signed the contract sued upon;

---

[25] R. Doc. 19-2 ¶ 9; R. Doc. 26-3 ¶ 9.
[26] R. Doc. 19-2 ¶ 10. Robichaux attempts to deny this fact, but she offers no support for her denial, and the record firmly establishes this fact as undisputed. Paragraph one of Robichaux's state-court petition against Griffin states Griffin is "a person of majority age and domiciled in the Parish of Jefferson, State of Louisiana." R. Doc. 19-3, at 1. This statement belies Robichaux's present denial that Griffin resided in Jefferson Parish at the time Robichaux filed the state-court collection action. Further, Robichaux admits she knew Griffin was no longer in a relationship with Gouaux and did not reside in Lafourche Parish at the time Robichaux filed the action. Accordingly, the unrebutted facts in R. Doc. 19-2 ¶ 10 are deemed admitted. *See* FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322–24.
[27] Robichaux argues there are many other facts in dispute, R. Doc. 26-2, but the Court finds none of those facts are material.
[28] R. Doc. 19-2 ¶ 14.
[29] R. Doc. 19-4, at 3.
[30] *Id.*
[31] R. Doc. 26-3 ¶ 14.

5

or (B) in which such consumer resides at the commencement of the action."[32] For a plaintiff to succeed on a claim under § 1692i, the plaintiff must show (1) the plaintiff is a "consumer;"[33] (2) the defendant brought "a legal action on a debt" against the plaintiff; (3) the defendant's underlying debt collection suit was not brought in a venue in which the plaintiff signed the contract sued upon or in which the plaintiff resided at the commencement of the action, and (4) the defendant is a "debt collector" as defined in the FDCPA.[34] In this case, Griffin has shown there are no disputed material facts as to the first three elements of her claim under § 1692i,[35] but she has not shown there is no dispute of material fact as to whether Robichaux is a "debt collector" as defined in the FDCPA.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[36] "The statute contains two categories of debt collector, those who collect debts as their 'principal purpose,' and those who do so 'regularly.'"[37]

---

[32] 15 U.S.C. § 1692i.
[33] The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a; *see also Heintz v. Jenkins,* 514 U.S. 291, 292 (1995) (stating the FDCPA applies only to "consumer debt, *i.e.,* debts arising out of . . . transaction[s] that are primarily for personal, family, or household purposes." (internal quotations omitted)).
[34] *See Serna v. Law Office of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 109402, at *3 (S.D. Tex. Jan. 10, 2014), *aff'd sub nom. Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146 (5th Cir. 2015).
[35] The parties agree Griffin is a consumer under the FDCPA and the debt at issue is a consumer debt. R. Doc. 19-2 ¶¶ 1, 4; R. Doc. 26-3 ¶¶ 1, 4. The parties also agree Robichaux brought a "legal action on a debt" against Griffin in state court on November 26, 2018, when Robichaux, on behalf of Gouaux, filed a collection action against Griffin. R. Doc. 19-2 ¶ 8; R. Doc. 26-3 ¶ 8. Regarding venue, the parties agree there was no written contract between Griffin and Gouaux for the home repairs, R. Doc. 19-2 ¶ 7; R. Doc. 26-3 ¶ 7, and Griffin has shown it is undisputed that she resided in Jefferson Parish at the time Robichaux filed the collection action against her, R. Doc. 19-2 ¶ 10; R. Doc. 19-3, at 1. Finally, the parties agree Robichaux sued Griffin in Lafourche Parish, not Jefferson Parish where Griffin resided. R. Doc. 19-2 ¶ 9; R. Doc. 26-3 ¶ 9.
[36] 15 U.S.C. § 1692a.
[37] *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008).

Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client.[38] A person may "regularly" collect debts even if debt collection is not the principal purpose of his or her business. [39] "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities. However, no bright-line rule identifies when an attorney or law firm 'regularly' collects or attempts to collect debts, so courts must make this determination on a case-by-case basis."[40] An attorney need not be "solely" a debt collector to be liable under the FDCPA.

In this case, Griffin, as the movant, has the burden of showing there is no dispute of material fact that Robichaux is a "debt collector" as defined in the FDCPA.[41] Griffin attempts to meet this burden by pointing the Court to Robichaux's answer to a request for admission in which Robichaux admits she is a "debt collector."[42] This admission does not satisfy Griffin's burden because Robichaux did not admit she is a debt collector "as defined by the FDCPA." Robichaux clarifies that she sought to collect a debt for Gouaux by filing a collection action against Griffin, but she denies she is a debt collector under the FDCPA.[43]

---

[38] *Heintz v. Jenkins,* 514 U.S. 291 (1995).
[39] *Garrett v. Derbes,* 110 F.3d 317, 318 (5th Cir. 1997) ("[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity . . . .").
[40] *Hester*, 289 F. App'x at 41 (quoting *Brown v. Morris,* 243 F. App'x 31, 35 (5th Cir. 2007)) (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 63 (2d Cir. 2004) (holding that a volume of 145 collection letters within a year combined with the regular dispersal of the letters over the course of the year was enough to establish that a law firm was a debt collector); *Garrett,* 110 F.3d at 318 (holding that an attorney who in a nine month period attempted to collect debts owed to a client from 639 individuals "regularly" collected debts for FDCPA purposes); *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989) (holding that an attorney who principally worked on debt collection matters in the pertinent time period and filed 175 foreclosures and other actions for four clients over eighteen months was a debt collector under the "regularly collecting" prong)).
[41] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).
[42] R. Doc. 19-4, at 3.
[43] R. Doc. 26-3 ¶ 14.

Griffin further attempts to meet her burden by pointing to Robichaux's answer to Griffin's complaint in which Robichaux agreed with Griffin's statements that she "is an attorney in Lafourche Parish who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another"[44] and "is a 'debt collector' as defined by 15 U.S.C. § 1692a(6)."[45] Based on these statements, Griffin argues Robichaux's status as a "debt collector" under the FDCPA should be judicially admitted.[46]

The Fifth Circuit has held "[j]udicial admissions are defined as 'factual assertions in pleadings . . . conclusively binding on the party who made them.'"[47] "A judicial admission 'has the effect of withdrawing a *fact* from contention."[48] While the inquiry of whether Robichaux is a debt collector "is 'necessarily fact-bound,' . . . it is not a 'fact' that can be admitted."[49] Whether Robichaux is a "debt collector" as required by the FDCPA is a question of law, not a question of "fact" that has been, or could be, judicially admitted. Accordingly, Robichaux's statements in her answer do not conclusively establish she is a debt collector under the FDCPA, and Griffin has failed to meet her burden of showing there is no dispute of material fact.

## CONCLUSION

For the forgoing reasons, Plaintiff Kim Brady Griffin's motion for summary judgment is **DENIED**.

**New Orleans, Louisiana, this 17th day of December, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 6 ¶ 7.
[45] *Id.* ¶ 8.
[46] R. Doc. 28, at 5.
[47] *Blankenship v. Buenger*, 653 F. App'x 330, 335 (5th Cir. 2016).
[48] *Id.*
[49] *Id.*